**Paul E. TINSLEY, Plaintiff-Appellant,**

v.

**UNITED PARCEL SERVICE, INC., and Highway Drivers, Dockmen, Spotters, Rampmen, Packing House and Allied Products Drivers and Helpers, Office Workers and Miscellaneous Employees Local Union No. 710, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Defendants-Appellees.**

No. 79–2445.

United States Court of Appeals, Seventh Circuit.

Dec. 3, 1981.

Frank E. Wallemann, St. Louis, Mo., for plaintiff-appellant.

Edwin H. Benn, Michael R. Flaherty, Keck, Mahin & Cate, Chicago, Ill., for defendants-appellees.

Before PELL, BAUER and WOOD, Circuit Judges.

PELL, Circuit Judge.

The plaintiff-appellant Paul Tinsley instituted an action under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, which alleged that his former employer United Parcel Service (UPS), had violated its collective bargaining agreement by discharging Tinsley without just cause, and that Local Union 710, International Brotherhood of Teamsters (Local 710), had breached its duty of fair representation by failing to bring his grievance over the discharge to binding arbitration. The district court granted summary judgment for the union on the ground that the plaintiff had failed to exhaust his internal union appeal remedies for the failure to bring the griev-

ance. The court thereafter granted UPS summary judgment on the basis that the plaintiff's claim against Local 710 had been denied. This court affirmed the grant of summary judgment as to Local 710, and reversed as to UPS. 635 F.2d 1288 (7th Cir. 1980). The Supreme Court granted certiorari, 452 U.S. 934, 101 S.Ct. 3072, 69 L.Ed.2d 948 (1981), vacated the judgment of this court, and remanded the case for further consideration in light of *Clayton v. UAW*, 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981).

The parties have filed statements of position as to the action which ought to be taken by this court on remand, pursuant to Circuit Rule 19. The issue before this court is whether the plaintiff should be required to exhaust internal union appeals before bringing suit against a union or an employer under § 301, when the union appeals procedure could award the complete relief sought in his § 301 suit.

### I.

UPS discharged Tinsley from employment on October 20, 1977. Local 710 thereafter filed a grievance on Tinsley's behalf, pursuant to the terms of the collective bargaining agreement. The grievance proceeded without success to the UPS/Local 710 Joint Grievance Committee, the final step before arbitration. The Committee denied the grievance and advised Tinsley that he would not be reinstated. The Union declined to submit the grievance to binding arbitration. Tinsley chose not to invoke the Union's appeals process to contest the Union's failure to press his grievance, but rather instituted the present suit for money damages under § 301 of the Labor Management Relations Act.

Tinsley's complaint charged that the Union had breached its duty of fair representation by refusing to submit the grievance to binding arbitration, and that UPS had breached the collective-bargaining agreement by discharging him without just cause. The Union moved for summary judgment on the ground that Tinsley had failed to exhaust his internal union appeal remedies. The district court granted summary judgment to the Union on this ground, adopting the proposed findings of a magistrate who had determined that Tinsley had not exhausted his internal union remedies, that such remedies were adequate, and that Tinsley had made no showing of futility to warrant excusal from the exhaustion requirement. Some six months later, the court granted UPS' motion for summary judgment on the grounds noted above.

On appeal this court affirmed the grant of summary judgment for the Union on the ground that the internal union remedies, which included injunctive relief and monetary damages, were adequate because Tinsley could have received from the internal appeal everything he sought in his § 301 suit. 635 F.2d at 1290–91. We specifically noted that although Tinsley had apparently sought reinstatement at the grievance stage, his § 301 suit sought only to recover monetary damages, both compensatory and punitive. 635 F.2d at 1290 n.5. However, we held that because the relief of reinstatement or reactivation of Tinsley's grievance was not available from the union appeals procedure, the internal union remedies were inadequate to bar suit against UPS, even though Tinsley had not actually sought such relief in his § 301 suit. We therefore reversed the trial court's grant of summary judgment in favor of UPS.

### II.

Tinsley contends that the result in *Clayton v. UAW*, 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981), controls this case, and that this court should remand the entire case to the district court for further proceedings. In *Clayton*, a discharged employee brought suit under § 301 for money damages against his union for breach of the duty of fair representation, and for reinstatement against his employer. The Supreme Court held that "where an internal union appeals procedure cannot result in reactivation of the employee's grievance or an award of the complete relief sought in his § 301 suit, exhaustion will not be re-

quired with respect to either the suit against the employer or the suit against the union." 101 S.Ct. at 2093.

The Supreme Court's analysis focused on that aspect of the national labor policy which encourages private rather than judicial resolution of disputes arising over collective-bargaining agreements. *Clayton,* 101 S.Ct. at 2093–94 (citing *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965), and *Hines v. Anchor Motor Freight,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976)). In deciding when internal exhaustion would appropriately further this policy, the Court concluded:

> Where internal union appeals procedures can result in either complete relief to an aggrieved employee or reactivation of his grievance, exhaustion would advance the national labor policy of encouraging private resolution of contractual disputes. In such cases, the internal union procedures are capable of fully resolving meritorious claims short of the judicial forum. Thus, if the employee received the full relief he requested through internal procedures, his § 301 action would become moot, and he would not be entitled to a judicial hearing.

101 S.Ct. at 2097.

■ We believe this analysis confirms our previous disposition of Tinsley's suit against Local 710, wherein we concluded that the internal remedies were adequate to provide all the relief Tinsley sought in his § 301 suit, and therefore that exhaustion was an "indispensable prerequisite," to suit. 635 F.2d at 1290. We therefore affirm the district court's grant of summary judgment in favor of Local 710.

■ We also find that the *Clayton* analysis requires that the judgment in favor of UPS be affirmed. In *Clayton,* the employee sought not only monetary damages, as did Tinsley; he also sought reinstatement from the employer in his § 301 action, relief which was not available through the union appeals procedure. 101 S.Ct. at 2093. Because Tinsley limited the relief he sought against both the Union and UPS to monetary damages, 635 F.2d at 1290 n.5, the complete relief sought in his § 301 suit was available through the union appeals procedure. In these circumstances the *Clayton* opinion clearly implies a requirement that Tinsley have exhausted his internal union remedies before instituting suit under § 301. *See,* 101 S.Ct. at 2100 (Rehnquist, J.) (dissenting opinion) ("The Court, however, concedes that where the internal remedies can provide such [substantive] relief, the exhaustion defense should be available to the employer and union alike. Presumably, this would require exhaustion in a § 301 case where the only relief sought was money damages and money damages were obtainable through the internal union procedures. In such a case, the employee would be able to obtain all 'the substantive relief he seeks.' " (citations omitted)). Requiring that an employee exhaust all internal procedures which can provide the desired relief before commencing a suit against the employer under § 301 also comports with the policy encouraging private resolution of disputes arising out of collective-bargaining agreements.

The *Clayton* Court, in both the majority and dissenting opinions, further expressed a strong preference that initially joint § 301 suits not be permitted to go forward against the employer while an exhaustion requirement is imposed with respect to the union. The Court pointed out that permitting such a suit to proceed against the employer while it is stayed against the union pending resolution of the internal appeal could result in two separate § 301 suits, based on the same facts, proceeding at different paces in the same court, and that such a result "should be avoided if possible." 101 S.Ct. at 2098–99.

We therefore find that both the language and the underlying rationale of *Clayton* make the grant of summary judgment for UPS on the basis of Tinsley's failure to exhaust appropriate.

Accordingly, we affirm the orders of the district court granting summary judgment in favor of Local 710 and UPS.